| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS | |

David Hirschey, §
§
        Plaintiff, §
§
*versus* §    Civil Action H-20-2935
§
Hartford Life and Accident §
Insurance Company, *et al.*, §
§
        Defendants. §

## Opinion on Judgment

1. *Background.*

    David Hirschey worked for American Railcar Industries, Inc. From his job, he had insurance through Hartford Life and Accident Insurance Company that included $100,000 in spousal accidental death benefits.

    On February 20, 2020, Hirschey's wife, Colleen Hirschey, died after falling at their home.

    On April 20, 2020, Hartford denied Hirschey's application for the spousal accidental death benefits. He appealed and sent additional evidence.

    On July 20, 2020, Hartford denied his appeal.

    On August 20, 2020, Hirschey sued under the Employee Retirement Income Security Act for the benefits he believes he is owed. He has moved for a judgment on the administrative record. He will lose.

2. *The Policy.*

    Under the policy, the benefits are payable to Hirschey if his wife "sustain[ed] an [i]njury that result[ed] in a ... [l]oss[] within 365 days of the

date of the accident." When the loss is death, the benefit that is payed is the entire $100,000.

An injury is defined as a "bodily injury resulting ... directly from an accident, and ... independent[] of all other causes." Loss that results from "sickness or disease, except a pus-forming infection which occurs through an accidental wound; or medical or surgical treatment of a sickness or disease" is not considered to result from the injury under the policy.

3. *Employee Retirement Income Security Act.*

This court reviews this case *de novo* and must "decide for itself whether, under the terms of the policy, the evidence presented in the administrative record and the arguments made by the parties" warrants denying or awarding benefits.[1] When the language of the policy is unambiguous, the court must give the provisions their ordinary and generally accepted meaning. If ambiguous, the court must construe the terms in favor of Hirschey.

Hirschey, based on the report of Colleen's oncologist, says that the fall caused acute muscle injuries which led to rhabdomyolysis and fasciitis. He argues that these led to renal and then heart failure which were the ultimate causes of her death. Hirschey also claims that Hartford arbitrarily discredited her oncologist's opinion.

Hartford, based partly on the report of their reviewing doctor, says that Colleen Hirschey was septic before the fall. It argues that she was immunocompromised from chemotherapy and that caused her sepsis. The sepsis caused necrotizing faciitis – which led to her death. Hartford also claims that the debilitating effects of her chemotherapy and her pre-existing conditions contributed to her falling.

Hartford's decision to listen to its own physician's opinion and ultimately disagreeing with the opinions of Hirschey's oncologist is not arbitrary. The

---

[1] *Ariana M. v. Humana Health Plan of Texas, Inc.*, 884 F.3d 246, 247 (5th Cir. 2018).

oncologist's report also includes speculation that Colleen Hirschey would have survived if she had not fallen – including winning her battle with cancer and chemotherapy. Hartford is not obliged to accept everything the oncologist says as the truth – as Hirschey appears to argue.

The court is of the opinion that the fall was not the sole cause of her death. Her pre-existing illnesses – including cancer, chronic back pain, and morbid obesity – caused her to not be able to get up or call for help on the ground. Her inability to get help, at least in part, caused her death, so the loss resulted from her sickness and diseases. Under the policy, her death then cannot be the result of an injury from the fall – which precludes Hirschey from receiving the benefits.

No evidence directly points to the exact cause of her fall. Colleen Hirshey gave no indication to the paramedics that she tripped or slipped. She did tell them that she was having a bad reaction to her pain medications that she was taking for her various conditions – which had happened before. The court sympathizes with Hirschey as the death here was a tragedy. Colleen Hirschey, however, was an extremely sick and unhealthy woman. Based on the record, the court believes that it is more likely that her pre-existing conditions caused her to fall – which again would preclude Hirschey from receiving the policy benefits

If Hirschey had spent more effort in his pleadings arguing the facts and the record rather than pontificating on the law, his arguments might have been more persuasive. Attempting also to attack Hartford by referring to conclusions in cases – some being 12 years old – from district courts across the country without the facts to compare is fundamentally unsound to argue one's case.

4. *Conclusion.*

David Hirschey will take nothing from Hartford Life and Accident Insurance Company.

Signed on May 5, 2021, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge